SHEPHERD, Circuit Judge,
concurring in part and dissenting in part.
I concur with the majority’s well-developed analysis of the standing issue in this matter. I dissent, however, from the decision to remand this matter to the district court. There is nothing more to be developed pertaining to the motivations of the City Commission in its adoption of the city ordinance, thus I believe it is proper for us to conclude this matter by affirming the decision of the district court. See Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir.2003) (holding district court’s judgment may be affirmed on any ground supported by the record).
Twombly determined that the passive display of the Ten Commandments monument did not violate the Establishment Clause. Freethinkers’s argument is that by adopting the initiated ordinance, the City Commission perforce adopted as its own the religious views of the ordinance’s proponents. While subsequent events could change the nonsectarian nature of such a monument, when viewed in the context of the monument’s history and the views expressed by the members of the City Commission, Freethinkers’s argument fails.
As the magistrate judge correctly observed, the City Commissioners, as well as the proponents of the now-enacted ordinance, may have had a variety of reasons *1029 for wanting to keep the monument in its present location. The motivation actually expressed by the Commissioners was, essentially, that the Commission should do the will of the majority of the people of Fargo, while at the same time respecting the rights of those who do not accept the religious message embodied in the Ten Commandments. There is no evidence that any of the Commissioners themselves expressed a religious motivation.
The Commission’s decision-making process was marked by a willingness to consider all competing views concerning the ordinance. Although the tone of the debate had, in Commissioner Coates’s words, “been anguished,” the record does not suggest that the members of the Commission demonstrated hostility towards or partiality in favor of any of the several views expressed at the meetings. Indeed, Commissioner Mahoney’s observation that “it is important to embrace and be tolerant of all people” reflected the attitude of openness and receptivity to competing views that the members of the Commission manifested throughout their consideration of the matter, including their recognition of the need to consider the views of the majority. Thus, in contrast to the situation that existed in McCreary County, where the religious objectives of those who mounted the objected-to displays were clear, see 545 U.S. at 850-54, 125 S.Ct. 2722, the members of the Commission in this case expressly recognized the views of those who were opposed to the continued presence of the monument at its current site. In further contrast to the situation in McCreary County, there was no ostensible indication by the Commissioners of a purpose to promote a particular faith, and thus nothing to cause an observer to understand that the City was taking sides. See id. at 866, n. 14, 125 S.Ct. 2722.
The situation in the case before us likewise stands in sharp contrast to that which existed in American Atheists, Inc. v. Davenport, 637 F.3d 1095 (10th Cir.2010) (en banc), cert. denied, — U.S. -, 132 S.Ct. 12, 181 L.Ed.2d 379 (2011). There, the memorial crosses erected by the Utah Highway Patrol were found to “conspicuously bear[] the imprimatur of a state entity.” Id. at 1121.
“[W]hen the reasonable observer would view a government practice as endorsing religion, ... it is our duty to hold the practice invalid.” Capitol Square Review & Advisory Bd. v. Pinette, 515 U.S. 753, 777, 115 S.Ct. 2440, 132 L.Ed.2d 650 (1995) (O’Connor, J., concurring) (emphasis omitted). “[T]he reasonable observer in the endorsement inquiry must be deemed aware of the history and context of the community and forum in which the religious display appears.” Id. at 780, 115 S.Ct. 2440.
The Commission’s actions took place in the context of a long-established monument, one that had been judicially determined not to convey any Establishment Clause message. The Commission’s initial decision to move the existing monument from its long-standing site can best be understood as an exercise in pragmatism— one intended to forestall a challenge to its decision not to accept Freethinkers’s offer to erect a “sister” monument. In light of this background, no reasonable observer would conclude that the Commission’s adoption of the initiated ordinance also adopted and conferred upon the monument the religious views of the ordinance’s proponents. Nothing in the record suggests that the Commission’s actions in any other way had the effect of imbuing the Ten Commandments monument with a constitutionally prohibited effect. Accordingly, I see no reason to remand this matter to the district court for further consideration, relegating the court and parties to a new and *1030 needless round of litigation. I would affirm the dismissal.